UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE PHILLIP VANCE,

                                    Plaintiff,

        v.                                                      9:18-CV-0748
                                                                (MAD/ATB)

ANTHONY J. ANNUCCI; et. al.,

                                    Defendants.
_____

APPEARANCES:

WAYNE PHILLIP VANCE
12-B-3682
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

        Pro se plaintiff Wayne Phillip Vance ("plaintiff") commenced this action on or about

June 21, 2018, alleging the violation of his civil rights pursuant to 42 U.S.C. § 1983 against,

*inter alia*, the New York State Department of Corrections and Community Supervision

("DOCCS") and individuals employed by the DOCCS.  *See generally* Dkt. No. 1.  Following its

review of plaintiff's complaint and application to proceed in the action in forma pauperis

("IFP"), the Court issued a Decision and Order on November 19, 2018 ("November Order"),

granting plaintiff's IFP application and concluding that the following causes of action survived

1

initial review pursuant to 28 U.S.C. § 1915, 1915A: (1) Eighth Amendment excessive force claims asserted against defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, and Rufa; (2) Eighth Amendment deliberate medical indifference claims asserted against defendant Waterson; and (3) Fourteenth Amendment procedural due process claims asserted against defendants Bullis, Liberty, Venettozzi, and Rodriguez.

With respect to plaintiff's Fourteenth Amendment due process claims, the Court explained to plaintiff in the November Order that those claims, as alleged in the complaint, implicate the validity of his disciplinary conviction and sentence, and that the complaint did not allege that the disciplinary hearing determinations from which the due process claims arise have been invalidated. Nov. Order at 27-28. Accordingly, the Court directed plaintiff to submit a *Peralta*[1] waiver, within 30 days of the filing date of the November Order, that would advise the Court that he waives, for all times, all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement. *Id.* at 28. Alternatively, plaintiff was provided an opportunity to demonstrate that the disciplinary sentences were reversed or otherwise invalidated. *Id.* at 28 n.14. The Court further informed plaintiff that, without a *Peralta* waiver or proof that the disciplinary sentences were invalidated, his due process claims would be barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), and, accordingly, his due process claims would be dismissed from the action without prejudice. *Id.* at 28-29.

Following the issuance of the November Order, plaintiff filed eight letter motions with the Court requesting various relief. Dkt. Nos. 26-33. None of those submissions, however,

---

[1] *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006).

2

contained a *Peralta* waiver or proof that the June, October, and December 2016 disciplinary hearing determinations were reversed or otherwise invalidated. *Id.* Accordingly, the Court issued a Decision and Order on February 12, 2019 ("February Order"), granting plaintiff an additional 30 days to file either a *Peralta* waiver or proof that the June, October, and December 2016 disciplinary hearing determinations were reversed or otherwise invalidated. Dkt. No. 35 ("Feb. Order") at 3-4. On February 26, 2019, plaintiff filed a response to the February Order. Dkt. No. 39.

## II.    DISCUSSION

### A.    June 2016 Disciplinary Hearing

Plaintiff has submitted proof that the June 2016 disciplinary hearing determination rendered by defendant Bullis and affirmed on appeal by defendant Venettozzi was reversed on November 22, 2016, by defendant Rodriguez. Dkt. No. 39-1 at 28-29. Accordingly, plaintiff's due process claims asserted against defendants Bullis and Venettozzi arising out of the June 2016 disciplinary hearing, *see* Dkt. No. 1 at 14-16, may proceed in the action, and the Court will direct service upon those defendants.

### B.    October 2016 and December 2016 Disciplinary Hearings

Plaintiff's response to the February Order does not include (1) a *Peralta* waiver concerning the due process claims arising out of the October and December 2016 disciplinary hearing determinations affecting the duration of his confinement (recommended good time loss), or (2) proof that the October and December 2016 disciplinary hearing determinations were reversed or otherwise invalidated. As the Court previously explained to plaintiff in the November and February Orders, without either the *Peralta* waiver or proof that

the hearing determinations were invalidated, plaintiff's due process claims asserted against defendants Liberty, Venettozzi, and Rodriguez arising out of the October and December 2016 hearings are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, those claims are dismissed without prejudice.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's due process claims asserted against defendants Liberty, Venettozzi, and Rodriguez arising from the October and December 2016 disciplinary hearings are **DISMISSED without prejudice**; and it is further

**ORDERED** that, within 30 days of the date of this Decision and Order, plaintiff shall submit to the Court (1) 12 copies of the complaint and accompanying exhibits for the United States Marshal to effect service upon defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Waterson, Bullis, and Venettozzi; and (2) 12 signed and completed USM-285 forms; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service (i.e., copies of the complaint (and exhibits) and USM-285 forms), the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Waterson, Bullis, and Venettozzi. The Clerk shall forward a copy of the summonses and complaint to the Office of the New York State Attorney General, together with copies of this Decision and Order and the November Order; and it is further

**ORDERED** that a response to the complaint shall be filed by defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Waterson, Bullis, and Venettozzi or their counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, in accordance with this Decision and Order and the Court's Decision and Order dated November 19, 2018 (Dkt. No. 25), the Clerk shall **TERMINATE** from the docket the following defendants: (1) Annucci, (2) Bellamy, (3) Rodriguez, (4) Weishaupt; (5) Adams, (6) Macelaru, (7) Calley, (8) Mandalaywala, (9) Kirkpatrick, (10) Uhler, (11) Liberty, (12) The State of New York Albany County Supreme Court, (13) Connolly, (14) The State of New York Appellate Division Fourth Department, (15) Whalen, (16) Cafarell, (17) The State of New York Court of Appeals, and (18) Wilson; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by

5

regular mail.

**IT IS SO ORDERED.**

Dated: April 8, 2019
    Albany, New York

Mae A. D'Agostino
U.S. District Judge