UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE PHILLIP VANCE,

                              Plaintiff,

      v.                                          9:18-CV-0748
                                                           (BKS/ATB)

DONALD VENETTOZZI; et. al.,

                           Defendants.
_____

APPEARANCES:

WAYNE PHILLIP VANCE
12-B-3682
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

Pro se plaintiff Wayne Phillip Vance ("plaintiff") commenced this action on or about

June 21, 2018, alleging the violation of his civil rights pursuant to 42 U.S.C. § 1983.  *See*

*generally* Dkt. No. 1.  Following its review of plaintiff's complaint and application to proceed in

the action in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28

U.S.C. § 1915A ("Section 1915A"), the Court issued a Decision and Order on November 19,

2018 ("November Order"), granting plaintiff's IFP application and concluding that plaintiff's

Eighth Amendment excessive force, Eighth Amendment deliberate medical indifference, and

Fourteenth Amendment procedural due process claims asserted against some of the

individual defendants survived initial review. Dkt. No. 25 ("Nov. Order").[1]  On April 8, 2019,

the Court directed plaintiff to provide 12 complete copies of his complaint and exhibits and 12

completed USM-285 forms for purposes of service of process upon defendants Rief,

Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Bullis, and Venettozzi.  Dkt.

No. 52 ("April Order").  The Court thereafter granted plaintiff's three requests for an extension

of time to comply with the April Order.  Dkt. Nos. 54, 56, 62.  On June 25, 2019, the Court

received a series of documents from plaintiff ("June 25 Submission").  *See* Dkt. No. 64.

Included in the June 25 Submission were the requisite USM-285 forms.[2]  Dkt. No. 69.  The

June 25 Submission also included motions (1) to change venue, (2) for recusal, (3) to

supplement the complaint, and (4) for the appointment of pro bono counsel.  Dkt. No. 65.

Those motions are currently pending before the Court.  For the reasons set forth below,

plaintiff's motions are denied.

---

[1]  More specifically, plaintiff's excessive force claims asserted against defendants Rief, Barcomb, Engstrom, Waldron, Rowe, and Baxter arising out of the use-of-force ("UOF") incident on May 11, 2016, at Clinton Correctional Facility ("Clinton C.F.") survived initial review.  Nov. Order at 12, 32.  In addition, plaintiff's excessive force claims asserted against defendants Russell, Cox, and Rufa arising out of the UOF incident on August 26, 2016, at Upstate Correctional Facility ("Upstate C.F.") survived initial review.  *Id.*  Plaintiff's deliberate medical indifference claim asserted against defendant Waterson arising from her alleged failure to treat plaintiff for his injuries following the UOF incident on May 11, 2016 at Clinton C.F. also survived initial review.  *Id.* at 19-21, 32.  Although plaintiff's procedural due process claims asserted against defendants Bullis, Liberty, Venettozzi, and Rodriguez arising from disciplinary hearings that occurred in June, October, and December of 2016 survived review pursuant to Sections 1915 and 1915A, *id.* at 12-16, 32-33, plaintiff was subsequently able to demonstrate that only the June 2016 disciplinary hearing determination was invalidated.  *See* Dkt. No. 52.  For that reason, plaintiff's procedural due process claims asserted against defendants Bullis and Venettozzi arising out of the June 2016 disciplinary hearing remain pending in this action.  *Id.*  Because plaintiff otherwise failed to provide the Court with a *Peralta* waiver, *see Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), with respect to the procedural due process claims arising out of the October and December 2016 hearings, those claims asserted against defendants Liberty, Venettozzi, and Rodriguez were dismissed.  Dkt. No. 52.

[2]  To date, plaintiff has not provided the Court with any copies of the complaint and exhibits.

## II.    DISCUSSION

### A.    Motion to Change Venue

Motions to transfer venue are governed by 28 U.S.C. § 1404, which provides, in

pertinent part, as follows:

> (a) For the convenience of parties and witnesses, in the interest of
> justice, a district court may transfer any civil action to any other
> district or division where it might have been brought or to any
> district or division to which all parties have consented.

28 U.S.C. § 1404(a).  When deciding a motion to transfer venue, the Court considers "(1)

whether the action to be transferred might have been brought in the transferee venue; and (2)

whether the balance of convenience and justice favors transfer."  *Flaherty v. All Hampton*

*Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal

quotations marks omitted).

In this case, plaintiff has not articulated a proposed transferee court.  Dkt. No. 65-1.

Accordingly, it is unclear whether the action could have been brought in the (unidentified)

transferee venue.  Even assuming that this action could be transferred to another venue,

however, plaintiff has not demonstrated that convenience or fairness weigh in favor of

transferring the action.  *See Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865

F.2d 513, 521 (2d Cir. 1989) (affirming the district court's conclusion that the movant must

"carry its burden of making out a strong case for a transfer" (internal quotation marks

omitted)).  In rendering this determination, the Court considers the following non-exhaustive

list of factors:

> (1) the plaintiff's choice of forum, (2) the convenience of
> witnesses, (3) the location of relevant documents and relative
> ease of access to sources of proof, (4) the convenience of parties,
> (5) the locus of operative facts, (6) the availability of process to

compel the attendance of unwilling witnesses, and (7) the relative
means of the parties.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (internal quotation marks

and alteration omitted).  In his motion, plaintiff contends that a transfer is appropriate because

District Judge Mae A. D'Agostino, the judge that was originally assigned to this action, issued

allegedly unlawful orders dismissing certain claims against some of the named defendants

and denying plaintiff's first motion for the appointment of pro bono counsel.  Dkt. No. 65-1 at

1-2.  This argument, however, does not address any of the above-listed factors a Court must

consider when deciding a motion to change venue, *see D.H. Blair & Co.*, 462 F.3d at 107-08,

and the Court otherwise has no reason to conclude that a venue change is warranted at this

time.  In any event, Judge D'Agostino is no longer the assigned district judge, rendering

plaintiff's arguments in support of his motion moot.

For the foregoing reasons, plaintiff's motion to change venue is denied.

**B.     Motion for Recusal**

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455.  Under Section 144, a

judge may be required to recuse herself based on "personal bias or prejudice . . . against [a

party] or in favor of any adverse party."  28 U.S.C. § 144.  Generally, Section 455 warrants

recusal "in any proceeding in which [a judge's] impartiality might be reasonably questioned,"

28 U.S.C. § 455(a), or where a judge has "a personal bias or prejudice concerning a party,"

28 U.S.C. § 455(b)(1).  Sections 144 and 455 are complementary, and the grounds for

disqualification are the same under both statutes.  *Jemzura v. Publ. Serv. Comm'n*, 961 F.

Supp. 406, 410 (N.D.N.Y. 1997) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333

(2d Cir. 1987)).

A party may request that a judge recuse herself from a case and another substituted in her stead by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]"  28 U.S.C. § 144.  Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude."  *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).  The Supreme Court has emphasized that, where grounds for recusal are comprised of "judicial rulings[ and] routine trial administration efforts," recusal is not warranted absent proof that those rulings either rely upon knowledge acquired outside such proceedings or "display a deep-seated favoritism" or "unequivocal antagonism that would render fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555, 556 (1994); *see also Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997).  Recognizing the importance of considerations such as "the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of [a] dispute," the Second Circuit has cautioned that "'a judge is as much obliged not to recuse h[er]self when it is not called for as [s]he is obliged to when it is.'"  *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)) (alteration omitted).

In support of plaintiff's motion requesting that Judge D'Agostino recuse herself, plaintiff contends that Judge D'Agostino issued unlawful orders, including an order dismissing some of plaintiff's claims asserted against some of the named defendants and an order denying his motion for the appointment of counsel.  Dkt. No. 65-1 at 1-2.  Although plaintiff clearly disagrees with the Court's rulings in this action, that disapproval alone does not "constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 555.  Moreover, because (as

5

noted above) Judge D'Agostino is no longer the assigned District Judge in this action, plaintiff's motion is moot.  Accordingly, the motion to recuse is denied.

### C.     Motion to Supplemental the Complaint

At the outset the Court notes that, although plaintiff refers to his supplemental pleading as motion to amend his complaint (*see* Dkt. No. 65-2 at 2, Dkt. Nos. 73-77), the Court's analysis is guided by Rule 15(d) of the Federal Rules of Civil Procedure (governing supplemental pleadings), rather than Rule 15(a) (governing amendments), because the facts and events alleged in the supplemental pleading occurred after the filing date of his original complaint.  Dkt. No. 65-2; *see* Fed. R. Civ. P. 15(d); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("The distinguishing feature of [the plaintiff's motion seeking to add a claim] is that it sets forth 'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" (quoting Fed. R. Civ. P. 15(d)).  As relevant to this action in light of its procedural posture, whether plaintiff requests amendment or supplementation of the original complaint is significant because a plaintiff "may freely offer an amendment at any time before a responsive pleading is served," while "supplements always require leave of the court."  *Hicks*, 283 F.3d at 385.

Rule 15(d) provides that the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The rule is aimed at "achiev[ing] an orderly and fair administration of justice."  *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964).

A supplemental pleading must allege facts "connect[ed] . . . to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also United States v. Russell*,

241 F.2d 879, 882 (1ˢᵗ Cir. 1957) (concluding that a supplemental pleading "is designed to

obtain relief along the same lines, pertaining to the same cause, and based on the same

subject matter or claim for relief, as set out in the original complaint"); *Albrecht v. Long Island*

*R.R.,* 134 F.R.D. 40, 41 (E.D.N.Y. Jan. 25, 1991) ("A supplemental pleading is designed to

cover matters that occur subsequent to the filing of the complaint, but pertain to the original

pleadings.").

In this case, the facts alleged in plaintiff's supplemental pleading are unrelated to the

underlying facts and circumstances giving rise to his original complaint. More specifically, as

briefly noted above – and as discussed more completely in the November Order – the claims

that survived initial review relate to UOF incidents that occurred at Clinton C.F. and Upstate

C.F. in 2016. *See* Nov. Order. The allegations in supplemental pleading, however, relate to

the conditions of plaintiff's confinement in 2018 and 2019 at Great Meadow Correctional

Facility, the prison facility in which plaintiff is currently confined. Dkt. No. 65-2. The

supplemental pleading also includes allegations purporting to give rise to a constitutional

cause of action against Judge D'Agostino based the orders she issued in this action since its

commencement in 2018. *Id.* Because none of the allegations contained in the supplemental

pleading relate to the facts and circumstances alleged in plaintiff's original complaint,

plaintiff's motion to supplemental his original complaint is denied.[3] *See Klos v. Haskell*, 835

F. Supp. 710, 716 (W.D.N.Y. 1993) (denying the inmate-plaintiff's motion to supplement the

complaint because the allegations set forth in the plaintiff's supplemental pleading contained

---

[3] Without opining on the merits of any purported cause of action asserted in the supplemental pleading – and specifically whether any purported cause of action would survive initial review pursuant to Sections 1915 and 1915A – the Court notes that plaintiff may file a new action concerning the allegations in his supplemental pleading.

allegations arising from events that occurred "a year later at two entirely different correctional facilities").

### D.      Motion to Appoint Pro Bono Counsel

Also pending before the Court is plaintiff's motion for the appointment of pro bono counsel.  Dkt. No. 65-1.  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be considered by the Court when ruling on such a motion.  *Hendricks,* 114 F.3d at 392.  As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance.  *Id.* (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  If so, the following should then be considered:

> [T]he indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination will
> be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *accord, Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).  None of the foregoing factors are controlling in a particular case, and each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

This action is in its earliest stages, and no defendant has been served with or yet responded to plaintiff's complaint.  The threshold for surviving review under Sections 1915 and 1915A is minimal, and the Court's November Order (accepting plaintiff's complaint for filing only to the extent it asserts three discrete causes of action) is hardly the product of a

thorough analysis of the likely merits of the case. In light of the foregoing, plaintiff's motion for counsel is denied without prejudice.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions to change venue, for recusal, to supplement the complaint, and for the appointment of pro bono counsel (Dkt. No. 65) are **DENIED**; and it is further

**ORDERED** that, **within 30 days** of the date of this Decision and Order, plaintiff shall submit 12 copies of the complaint and exhibits to the Court for the United States Marshal to effect service of process upon defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Waterson, Bullis, and Venettozzi; and it is further

**ORDERED** that, upon receipt from plaintiff of 12 copies of the complaint and exhibits (as directed above), the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint and exhibits, to the United States Marshal for service upon defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, Rufa, Waterson, Bullis, and Venettozzi. The Clerk shall forward a copy of the summonses and complaint by mail to the Office of the New York State Attorney General, together with a copy of the November Order (Dkt. No. 14); and it is further

**ORDERED** that, in lieu of providing the Court with 12 copies of the complaint and exhibits, plaintiff is permitted to provide a money order to the Court, **within 30 days** of the date of this Decision and Order, in the amount of $960.00, which constitutes the Court's copying fee ($0.50 per page) associated with generating 12 copies of the complaint and

exhibits;[4] and it is further

ORDERED that, in the event that plaintiff fails to provide either the necessary copies of the complaint and exhibits or a money order in the amount of $960.00 within 30 days of the date of this Decision and Order, the Clerk of the Court shall **dismiss this action without prejudice without further order of the Court**; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff by regular mail, along with a copy of any unreported cases cited to in this Decision and Order.

Dated:  September 16, 2019

_____
Brenda K. Sannes
U.S. District Judge

---

[4] Plaintiff's complaint is comprised of 29 pages.  Dkt. No. 1.  The exhibits are comprised of 131 pages. Dkt. Nos. 1-1, 1-4–1-13.