**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WAYNE PHILLIP VANCE,

                                   Plaintiff,

                                                          9:18-CV-748

        v.                                                    (BKS/ATB)

THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
et. al.

                                   Defendants.

---

WAYNE PHILLIP VANCE, Plaintiff, pro se
ERIK PINSONNAULT, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge. On June 21, 2018, plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 against, *inter alia*, the New York State Department of Corrections and Community Supervision ("DOCCS") and individuals employed by DOCCS. (Complaint ("Compl."), Dkt. No. 1). By Decision and Order dated November 19, 2018, the Honorable Mae A. D'Agostino[1] dismissed several defendants and causes of action pursuant to 28 U.S.C. §§ 1915, 1915A. (Dkt. No. 25). On April 8, 2019, Judge D'Agostino dismissed additional

---

[1] By order of recusal, this matter was reassigned to Judge Sannes for all further proceedings on August 26, 2019. (Dkt. No. 79).

defendants and causes of actions pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 52). Liberally construed, the surviving claims in plaintiff's complaint include (1) Eighth Amendment excessive force claims against defendants Rief, Barcomb, Engstrom, Waldron, Rowe, Baxter, Russell, Cox, and Rufa; (2) Eighth Amendment deliberate medical indifference claim against defendant Waterson; and (3) Fourteenth Amendment due process claims against defendants Bullis and Venettozzi arising out of the June 2016 disciplinary action. (Dkt. Nos. 25 at 32-33; 52 at 3-4).

Presently before this court is defendants' motion to dismiss plaintiff's (1) deliberate medical indifference claim against defendant Waterson, and (2) due process claim against defendant Venettozzi. (Dkt. No. 127-1). Plaintiff has not filed a response to defendants' motion. For the reasons set forth below, I recommend that defendants' motion be denied.

## I. Facts and Contentions

In her prior order, Judge D'Agostino summarized the facts as stated in plaintiff's lengthy complaint. (Dkt. No. 25 at 4-10). Subsequently, plaintiff submitted various documents cited as exhibits in the original complaint, which have since been docketed accordingly. (*See* Dkt. Nos. 1, 64). The court will briefly review the facts as necessary to discuss the causes of actions relevant to the pending motion.

### A. Assault at Clinton Correctional Facility

Plaintiff alleges that he was assaulted on May 11, 2016 by several correctional officers as a means of intimidation and to interfere with plaintiff's pending legal actions. (Compl. at ¶¶ 10(e), 14). After the assault, plaintiff was restrained and

escorted to the medical unit at Clinton for examination. (*Id.* at ¶ 12). Plaintiff suffered multiple injuries from the assault, including finger and fibula fractures. (*Id.* at ¶ 14(a)-(x)). After, plaintiff was escorted to the special housing unit ("SHU") and issued a disciplinary ticket for assaulting a correctional officer. (*Id.* at ¶¶ 12-13, 18).

### B. Subsequent Disciplinary Hearing

Non-moving defendant Hearing Officer ("H.O.") Bullis conducted a disciplinary hearing on June 29, 2016, with respect to the ticket issued to plaintiff following the alleged assault at Clinton. (*Id.* ¶ 18). At the conclusion of the hearing, H.O. Bullis found plaintiff guilty of assault on staff, violent conduct, creating a disturbance, and refusing a direct order. (*Id.* at ¶ 18, Exhs. 4, 8).

Plaintiff appealed H.O. Bullis's disciplinary hearing determination. On September 6, 2016, defendant Donald A. Venettozzi, the Director of the Special Housing/Inmate Disciplinary Program ("Director Venettozzi"), issued a one-page "Review of Superintendent's Hearing," affirming H.O. Bullis's determination. (Dkt. No. 1-14 at 26). The decision states: "On behalf of the Commissioner and in response to your recent letter of appeal, please be advised that your superintendent's hearing of June 29, 2016, has been reviewed and affirmed on September 6, 2016." (*Id.*). The following statement appears at the bottom of the decision: "Appeal decision rendered pursuant to Section 254.8 of Chapter V and electronically produced upon the authority of the Director of Special Housing/Inmate Discipline Program." (*Id.*).

Nevertheless, on November 22, 2016, the June 2016 hearing determination was

3

administratively reversed, and a rehearing was ordered.² (Compl. at ¶ 23; Dkt. No. 1-14 at 28). The rehearing was held on December 21, 2016 by non-moving defendant H.O. Liberty at Upstate Correctional Facility ("Upstate"), where plaintiff had since been transferred. (Compl. at ¶ 26). After the rehearing, plaintiff was once again found guilty of assault on staff, violent conduct, creating a disturbance, and refusing a direct order. (*Id.*). Director Venettozzi affirmed the rehearing determination on February 8, 2017. (Compl. at ¶ 30, Dkt. No. 1-14 at 31).

### C. Assault at Upstate Correctional Facility

Plaintiff further alleges that he was assaulted by two correctional officers inside his cell while confined at Upstate on August 26, 2016. (Compl. at ¶ 33). After the assault, plaintiff was placed in mechanical restraints and "escorted in a wheelchair to a holding tank to be asked a few questions by [defendant] Nurse G. Waterson." (*Id.*). Plaintiff alleges to have suffered an "abnormal left lower rib" and a "refractured" left fibula as a result of the assault. (*Id.* at ¶ 33(a)).

## II. Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*,

---

²This decision appears to have been rendered upon DOCCS' receipt of a letter of reconsideration prepared by Prisoners' Legal Services of New York on behalf of the plaintiff. (*See* Dkt. No. 1-14 at 33-34).

550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier-Kapel v. Biegelson*, 242 F. App'x 714,

5

715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

### III.   Personal Involvement

#### A.   Legal Standards

The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983[,]" and supervisory officials may not be held liable merely because they held a position of authority.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  A defendant may be considered "personally involved" if

> (1) the defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d

6

319, 323-24 (2d Cir. 1986)).³

### B. Application

#### 1. Nurse Waterson

Defendants seek dismissal of the medical deliberate indifference claim against Nurse Waterson for lack of personal involvement and failure to state a claim. (Defendants' Brief ("Def.'s Br.") at 6-8). Specifically, defendants cite to the complaint in identifying plaintiff's allegation that "Nurse Waterson refused to conduct a medical examination *at Clinton* after the May 11, 2016 use of force." (*Id.* at 7, citing Compl. ¶ 59). Defendants proceed to make much of the fact that Nurse Waterson had no personal involvement in plaintiff's medical care at Clinton, therefore could not have been deliberately indifferent to plaintiff's medical needs on that date, and liability may not attach. However, the defendants have improperly construed the complaint, and their argument appears to be based on a single typographical error. Accordingly, this court recommends denying defendants' motion to dismiss the complaint as against Nurse Waterson.

---

³Many courts in this Circuit have discussed whether all of the personal involvement factors, set forth in *Colon*, are still viable after *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). See, e.g., *Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012) (discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the factors outlined in *Colon*. *Id*. In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" *Id.* (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y.2011)). *See also Young v. Choinski*, 15 F. Supp. 3d 172, No. 3:10–CV–606, 2014 WL 962237, at *10–12 (D. Conn. Mar. 13, 2014) ("Although *Iqbal* does arguably cast doubt on the viability of certain categories of supervisory liability, where the Second Circuit has not revisited the criteria for supervisory liability, this Court will continue to recognize and apply the *Colon* factors.").

7

The crux of defendants' argument relies on an allegation in paragraph 59 of plaintiff's complaint, which, properly quoted, states: "Nurse G. Waterson had refused to conduct an examination, diagnose, treat, and document all injuries of the use of force incident at **Upstate Correctional Facility** on May 11, 2016." (emphasis added). As defendants point out, the alleged Upstate assault actually occurred on August 26, 2016 – the May 11, 2016 date refers to the alleged Clinton assault. Nevertheless, and despite plaintiff's typographical error, it is clear to this court that the cause of action against Nurse Waterson contemplates his[4] involvement in the events immediately following the August 26, 2016 incident at Upstate. Defendants do not deny that Nurse Waterson was involved, to some extent, in plaintiff's medical care at Upstate on August 26, 2016. Plaintiff describes his interaction with Nurse Waterson on that date in a previous section of the complaint, which recounts the alleged Upstate assault in further detail. (Compl. at ¶ 33). Nurse Waterson is not otherwise identified in any portion of plaintiff's complaint describing the alleged assault at Clinton. Moreover, in making their argument, the defendants have failed to acknowledge that, despite inserting the wrong date, plaintiff's allegation at paragraph 59 cites to the proper correctional facility in describing the underlying facts surrounding Nurse Waterson's misconduct.

Otherwise stated, this court will not recommend dismissing a pro se plaintiff's claim based on a single typographical error, considering that the complaint otherwise sufficiently apprises defendants of the nature of the cause of action asserted against Nurse Waterson. *See Board of Trustees v. Oao,* 811 F. Supp. 2d 853, 858 n. 2

---

[4]The court adopts defendants' representation that Nurse Waterson is male.

(S.D.N.Y. 2011) (declining to dismiss the complaint on the basis of "an obvious typographical error," where plaintiff cited to the wrong date but the pleading and subsequent filings otherwise clearly define the period in question).

To the extent that the prior order of this court refers to the surviving claim against Nurse Waterson as relative to the May 11, 2016 alleged assault at Clinton (*See* Dkt. No. 25 at 8, 21), these assertions also appear to be based on plaintiff's typographical error. Should the district court adopt the findings contained herein, I further recommend that the surviving claim against Nurse Waterson be clarified as arising from allegations of deliberate medical indifference challenging his conduct immediately following an assault at Upstate on August 26, 2016.

### 2. Director Venettozzi

Defendants further contend that the complaint should be dismissed against Director Venettozzi for lack of his personal involvement in the alleged events giving rise to plaintiff's due process claim. (Def.'s Br. at 8-12). Plaintiff's only surviving claim against Director Venettozzi is that he affirmed H.O. Bullis's June 29, 2016 disciplinary determination. The courts within this Circuit are split as to whether an affirmance of a disciplinary determination can suffice to establish personal involvement. Some courts have determined that it can. *See Samuels v. Fischer*, 168 F. Supp. 3d 625, 643-44 (S.D.N.Y. 2016) (holding that an affirmance of an unconstitutional disciplinary proceeding can be sufficient to find personal involvement); *Albritton v. Morris*, 2016 WL 1267799, at *15-16 (S.D.N.Y. Mar. 30, 2016) ("[I]t is difficult to imagine how a prison official could be deemed uninvolved

9

where that official considered the inmate's objections and had the power to undo or preserve punishment."). Other courts, including several in the Northern District of New York, subscribe to the "affirmance-plus standard," which holds that "the mere rubber stamping of a disciplinary determination is insufficient to plausibly allege personal involvement." *Scott v. Frederick*, No. 9:13-CV-605 (TJM), 2015 WL 127864, at *17 (S.D.N.Y. Jan. 8, 2015); *see also Jean-Laurent v. Lane*, No. 9:11-CV-186 (NAM/TWD), 2016 WL 4775742, at *28 (N.D.N.Y. Aug. 18, 2016), *report and recommendation adopted*, 2016 WL 4768828 (N.D.N.Y. Sept. 13, 2016) (subscribing to the "affirmance-plus standard" in finding that defendant, in affirming a hearing officer's disciplinary determination, did not violate plaintiff's due process rights).

This very issue was recently addressed by another court in this district, apparently against the same defendant. *See Pagan v. Venettozzi*, No. 9:18-CV-1094 (TJM/DJS), 2019 WL 7584295 (N.D.N.Y. Dec. 6, 2019), *report and recommendation adopted*, 2020 WL 224700 (N.D.N.Y. Jan. 15, 2020). In *Pagan,* the court denied the defendants' motion to dismiss a due process claim against Venettozzi based on his purported lack of personal involvement in affirming a hearing officer's disciplinary determination. *Id.* at *5. The court emphasized that its decision was based on the fact that "details regarding defendant Venettozzi's affirmance were not included in the pleadings, and the character of the actions taken by defendant Venettozzi were unclear." *Id.* Thus, the court opined that even if it were to agree that some proactive action was needed to show that defendant Venettozzi did not simply rubber stamp the determination, the lack of discovery, or opportunity therefore, precluded the court from

10

dismissing the claim as a matter of law at such an early juncture. *Id.*

This case is distinguishable from *Pagan* to some extent, insomuch as plaintiff has submitted documents attached as exhibits to his complaint, including Director Venettozzi's decision on appeal. (Dkt. No. 1-14 at 26). The decision consists of Director Venettozzi's one-sentence affirmance of H.O. Bullis's hearing. (*Id.*). The decision purports to be "electronically produced upon the authority" of Director Venettozzi. (*Id.*). Director Venettozzi's signature also appears to be electronically produced. (*Id.*).

Notwithstanding the nuances between *Pagan* and the pending matter, this court finds it of further consequence that other courts in this district have dismissed similar claims at the summary judgment phase of litigation, upon completion of discovery. *See Jean-Lauret v. Lane*, 2016 WL 4775742, at *28; *Ward v. Lee,* No. 9:16-CV-1224 (FJS/CFH), 2018 WL 4610682, at *11 (N.D.N.Y. July 3, 2018), *report and recommendation adopted*, 2018 WL 3574872 (N.D.N.Y. June 25, 2018).[5] Moreover, while recognizing this district's general adherence to the "affirmance-plus standard," the court is also reminded of its duty to afford a plaintiff the benefit of every reasonable inference to be drawn from the complaint, as well as the special solicitude that the court

---

[5]*But see Scott v. Frederick*, 2015 WL 127864 at *17 (granting defendant's motion to dismiss where "plaintiff fail[ed] to allege a single fact from which it could plausibly be inferred that [defendant] did anything other than rubber-stamp his disciplinary determination."); *see also Canales v. Sheahan*, No. 12-CV-693, 2017 WL 1164462, at *5 (W.D.N.Y. Mar. 28, 2017), *report and recommendation adopted sub nom.*, 2018 WL 774335 (W.D.N.Y. Feb. 7, 2018) ("Notwithstanding the split of authority, Plaintiff alleges no other facts other than Venettozzi's affirmance of the Superintendent Hearing to establish his personal involvement, and the appeal determination attached to the proposed third amended complaint . . . suggests no more than a "rubber-stamping" of the determination as contemplated by courts in this Circuit.")

must give to a plaintiff with pro se status.

For these reasons, the court recommends that defendants' motion to dismiss plaintiff's claim against Director Venettozzi for lack of personal involvement be denied as premature. It is unclear what, if any, action was taken by Venettozzi in his "review" of H.O. Bullis's disciplinary hearing determination, and plaintiff has not yet been afforded the opportunity to develop these facts. If they deem it appropriate, defendants will have the opportunity to raise this argument in a future motion for summary judgment, at the completion of discovery.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that defendants' motion to dismiss based upon Fed. R. Civ. P. 12(b)(6) (Dkt. No. 127) be **DENIED;** and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: November 30, 2020

Andrew T. Baxter
U.S. Magistrate Judge