```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
WAYNE PHILLIP VANCE,

                                    Plaintiff,


-v-                                 9:18-CV-748


NYS DOCCS, et al.,


                                    Defendants.
-----------------------------------------------------x
```

**TELEPHONE CONFERENCE TRANSCRIPT**
**BEFORE THE HONORABLE ANDREW T. BAXTER**
December 10, 2020
100 South Clinton Street, Syracuse, New York


Pro sé Plaintiff:
(Appearance by telephone)

    **WAYNE PHILLIP VANCE**
    12-B-3682
    Elmira Correctional Facility
    P.O. Box 500
    Elmira, NY 14902

For the Defendants:
(Appearance by telephone)

    NEW YORK STATE ATTORNEY GENERAL
    The Capitol
    Albany, New York 12224
    BY:  **ERIK B. PINSONNAULT, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

 1                    (The Court and all parties present by telephone.

 2    Time noted:  1:57 p.m.)

 3                    THE COURT:  This is Vance versus New York State

 4    Department of Corrections and Community Supervision, et al.,

 5    9:18-CV-748.

 6                    We have Wayne Phillip Vance, the pro sé plaintiff, on

 7    the line and Erik Pinsonnault -- I always mispronounce your

 8    name --

 9                    MR. PINSONNAULT:  Pinsonnault.

10                    THE COURT:  -- Pinsonnault on the line, as well.

11                    This was -- this call was initiated as a result of a

12    letter from defense counsel, so I'll let you start.

13                    MR. PINSONNAULT:  Thank you very much, your Honor.  I

14    appreciate it.  No worries about the name, it's a tricky one.

15                    And I -- in short, I think that as noted in the

16    letter, we had -- have received an extension on discovery in

17    this matter.  And the outstanding items with respect to

18    discovery, from our end, is to depose Mr. Vance.  Due to a

19    variety of setbacks, we kept pushing -- having to reschedule the

20    deposition at Elmira.  And we did finally get Mr. Vance on the

21    line recently with a court reporter.  He was on video and we had

22    a court reporter appear there to take his deposition and he

23    indicated that he -- among other things, I think he indicated

24    that he'd prefer a conference and would be unwilling to go

25    forward with the deposition on that date.  And so --

 1              MR. VANCE:  Can I speak?

 2              THE COURT:  Let the lawyer finish and then I'll give

 3       you a chance, Mr. Vance.

 4              MR. VANCE:  All right.

 5              MR. PINSONNAULT:  And ultimately, our goal is to --

 6       you know, if we go forward, we would like to depose Mr. Vance

 7       probably by video from his correctional facility.  He did raise

 8       a number of concerns on the record there that we -- we just

 9       recently got the transcript in the mail and I'll get that -- a

10       copy of that out to Mr. Vance very soon.  We just received it

11       today.

12              And so some of the issues he raised there at the

13       deposition we have raised in some prior letters or filings with

14       the Court, and we've provided our paper discovery to plaintiff.

15       We would like to take his deposition and we are amendable to --

16       certainly amenable to an extension of the discovery deadline in

17       order to go ahead and take that deposition so long as Mr. Vance

18       is willing to submit to a deposition.

19              THE COURT:  Okay.  Go ahead, Mr. Vance.  Yep.

20              MR. VANCE:  Well, first and foremost, I would like to

21       discuss all the issues involved in this historic high profile

22       civil case so that we will hopefully be able to reach a

23       settlement agreement for the demands and liability of every

24       count in nature, legal or -- of aforesaid sustained by me, my

25       family, friends, and relatives solely on account of a -- of an

1   employee of the federal or state government.  The issues

2   involved in this case are described as the following -- oh, is

3   this being recorded?

4            THE COURT:  There is a court reporter, Mr. Vance, but

5   I'm not -- I'm not looking for you to make a general speech

6   about the merits of your case and --

7            MR. VANCE:  I'm not -- I'm not making a general

8   speech.  These issues have to be addressed before we go further,

9   so, of course, the fact that, you know, I have an opportunity to

10  address these issues at this time, I would like the Court and,

11  of course, the Assistant Attorney General to give me an

12  opportunity to speak.

13           THE COURT:  All right.  Well, do so a little more

14  slowly so the court reporter can get down what you're saying.

15  Okay?

16           MR. VANCE:  Okay.  So do you need me to start over?

17           THE COURT:  No, go ahead.

18           MR. VANCE:  All right.  Number one, Assistant

19  Attorney General Erik Pinsonnault has not provided for the

20  enforcement of laws after becoming thoroughly familiar with the

21  facts and circumstances involved in this case.  He is unwilling

22  to address the issues involved in this case and has shown a lack

23  of impartiality.  Mr. Pinsonnault and the defendants have been

24  using illegal tactics to encroach on my individual liberties and

25  rights in hopes of gaining an unfair advantage or favorable

1    outcome in this case.

2          They are aware of the fact that I'm not healthy

3    enough to give a deposition or to take the stand at trial

4    because of my current medical conditions that were deliberately

5    caused by the wrongful actions of the defendants throughout this

6    unlawful imprisonment for well over eight and a half years.

7    They are very familiar with the legal effects of their

8    oppressive behaviors by personal knowledge, observation,

9    investigations, and conferences with other professionals.

10         Number two, the United States District Court Judges

11   Mae A. D'Agostino, Brenda K. Sannes, and Andrew T. Baxter -- I

12   believe that's you -- is unwilling to perform their legal duties

13   and has shown a lack of impartiality because they have refused

14   to want -- waive the filing fees or reduce the surcharges to a

15   respectable amount for the indigent plaintiff; two, appoint me

16   an attorney; three, allow me to supplement the complaint; four,

17   serve copies of the supplemental complaint, summons, and

18   exhibits upon all parties by the United States Marshal; five,

19   schedule a scheduling conference to discuss, amongst other

20   things, the issues involved in the case, settlement, and a

21   proposed scheduling order; six, compel the defendants to turn

22   over all documentary and other evidence requested in my

23   discovery motion; seven, grant a summary judgement to

24   immediately release me from the oppressive behavior of the

25   defendants; eight, provide for my mental and physical

1    examinations from outside healthcare agencies; nine, provide for

2    me to receive treatment for my current medical conditions while

3    in the care and custody of the defendants; ten, change the

4    venue; and 11, provide for me to call witnesses for depositions

5    and trial.

6              All right.  Three -- is she getting this?

7              THE COURT:  Yeah, we have a court reporter.

8              MR. VANCE:  Okay.  And three, you know, Judge Mae A.

9    D'Agostino does not have any authority at all to dismiss certain

10   defendants or claims based on the illegitimate ground that I

11   failed to state a claim upon which relief may be granted.  She

12   had recused from mishandling this case and is being sued in her

13   individual and official capacity as a result of her wrongful

14   actions in the filing process of my legal papers.

15             THE COURT:  Wait, you're saying Judge -- you sued

16   Judge D'Agostino?

17             MR. VANCE:  Yes.  I submit that Judge Mae A. -- Judge

18   Mae A. D'Agostino does not have any authority at all to dismiss

19   certain defendants or claims and --

20             THE COURT:  But you said -- you said you sued her?

21             MR. VANCE:  Yes, she's labelled as a defendant with

22   the Court.

23             THE COURT:  In this case?

24             MR. VANCE:  In this case.  I supplemented the

25   complaint because of things that she was doing in the filing

 1  process.  And of course, you know, the Court just didn't do what

 2  they were supposed to do, so -- but the Court is still labelled

 3  as defendants.  And, of course, Mrs. Mae A. D'Agostino -- that's

 4  the Judge --

 5          THE COURT:  Yep, I know who she is.

 6          MR. VANCE:  So that's why I said, three, Judge Mae A.

 7  D'Agostino does not have any authority at all to dismiss certain

 8  defendants or claims based on the illegitimate ground that I

 9  failed to state a claim upon which relief may be granted.  She

10  had recused from mishandling this case and is being sued in her

11  individual and official capacity as a result of her wrongful

12  actions in the filing process of my legal papers.

13          And, four, the Court and State of New York Attorney

14  General Office has refused to respond to my legal papers in the

15  appropriate manner because you're trying to prevent me from

16  suing certain defendants and raising legitimate claims set forth

17  in the timely filed supplemental complaint part one, two, and

18  three.  All defendants listed in the supplemental complaint must

19  be held to answer for their wrongful actions or neglect as

20  described in each and every cause of action setting forth all

21  legitimate claims upon which the requested relief must be

22  granted in its entirety as a result of the law and facts of the

23  case.  United States District Court Judges Mae A. D'Agostino,

24  Brenda K. Sannes, and Andrew T. Baxter have been trying to

25  protect the defendants, so I'm suing the Court as a result of

1    the wrongful actions of their employees as described in the

2    supplemental complaint.

3              Did she get that?

4              THE COURT:  She's taking down every word you're

5    saying.

6              MR. VANCE:  Okay.  And, five, the Court is required

7    by law to permit to me to serve supplemental pleadings setting

8    out of transactions, occurrences, or events that happen after

9    the date of the filing of the original complaint part one.  The

10   supplemental pleadings allege all facts connected to the

11   original pleadings to obtain relief along the same lines,

12   pertaining to the same cause, and based on the same subject

13   matter or claims for relief as set out in the supplemental

14   complaint part one, two, and three.

15             THE COURT:  Okay.  You done?

16             MR. VANCE:  No.

17             Six, all right, the Court has refused to have the

18   United States Marshal serve copies of the supplemental

19   complaint, summons, and supporting exhibits upon the United

20   States Attorney General Office.  The United States Attorney

21   General Office was required by law to serve an answer for the

22   supplemental complaint because the State's -- the claims are

23   against agencies and employees of the federal government.  The

24   United States Attorney General Office must provide for the

25   enforcement of federal laws and investigation of violations in

1    this civil case.

2           Seven, if we are unable to reach a settlement

3    agreement to resolve this civil suit during this conference,

4    then this case must be transferred to the United States District

5    Court in Buffalo for, one, the convenience of witnesses who

6    present firsthand knowledge -- excuse me?

7           THE COURT:  We're still here.

8           MR. VANCE:  Oh, I thought you had said something.

9           All right.  All right.  Seven -- I'm handcuffed.  I'm

10   trying to do this while I'm handcuffed and it's just kind of

11   hard because I'm in handcuffs in the room while I'm reading it.

12   All right?  These is all the issues that are involved in this

13   case.

14          Seven -- let's see -- if we are unable to reach a

15   settlement agreement to resolve this civil case during this

16   conference, then this case must be transferred to the United

17   States District Court in Buffalo for, one, the convenience of

18   witnesses who present firsthand and special knowledge of the

19   facts which are relevant to this case; two, the availability of

20   processes to compel the attendance of unwilling witnesses;

21   three, the plaintiff's choice of forum; four, the locus of

22   operative facts; five, in the interest of justice because the

23   United States District Courts in Syracuse and Rochester are

24   being sued as a result of the wrongful actions of their

25   employees as described in the supplemental complaint; eight, the

WAYNE PHILLIP VANCE v. NYS DOCCS, et al.          10

1   Court has not issued a scheduling order which sets forth a

2   schedule for how this case is to progress and when certain

3   phases of the case must be completed in this civil action.  We

4   must discuss a proposed schedule during the scheduling

5   conference, which shall take place after this case is

6   transferred to the United States District Court in Buffalo.

7           Nine -- nine, I will need a court appointed attorney

8   to handle my legal affairs throughout this case if we are unable

9   to reach a settlement agreement during this conference.  I do

10  not have the expertise to handle this historic high profile

11  civil case without the assistance of counsel to investigate the

12  crucial facts, present the case, handle the complexity of the

13  legal issues, and conflicting evidence implicating the need for

14  cross examination, which will be the major proof to the

15  factfinder.  I will need the assistance of counsel to make

16  arrangements for mental and physical examination for my current

17  medical conditions and to call witnesses for depositions and

18  trial.  The defendants have been using different tactics to

19  prevent me from accessing the law library and its materials

20  throughout this unlawful imprisonment, so I will also need the

21  assistance of counsel to help me prepare for the depositions and

22  trial.

23          Ten, the defendants have not turned over all

24  documentary and other evidence requested in my discovery motion

25  that was illegally denied by Judge Mae A. D'Agostino before she

1    had recused from mishandling this case.

2          Eleven, there is a conflict of interest in this case

3    because the United States District Court judges will gain

4    something personally from the decisions that will be made in

5    their official capacities.  They will not be able to act

6    independently because of their connections with the defendants

7    and other people.  There will also be a conflict between the

8    public obligations and private interests of public officials

9    because of the facts and circumstances involved in this case.

10          Twelve, the United States government has placed me in

11   the spotlight or hands of the people so that they will be able

12   to benefit from their life's work to advance socially and

13   economically.  The people are aware of all transactions,

14   occurrences, or events that have happened throughout the course

15   of my life.  The United States government has been applying

16   their sciences and using advanced technology to manipulate my

17   actions and others to promote the inherited destructive

18   lifestyle of promiscuous sex, alcohol and drug abuse, crime --

19   crime, incarceration, and other activities to manifest my

20   destiny due to media, science, and technology while studying,

21   documenting, and recording my psychological and behavioral

22   characteristics through systematic observation, testing,

23   experiments, formulation, measurement, and modification of

24   hypotheses, the long chain of events that led to my arrest for

25   the justifiable homicide of Mr. Frederick Gelsey Jr., the

 1   deliberate sabotaging of my entire criminal case by the United
 2   States governmental people, and the acceptance of a plea of
 3   guilty by Erie County Judge Michael F. Pietruszka to sentence me
 4   to a determinate term of 23 years without the presentment of
 5   legitimate indictment to place me in prison illegally and to
 6   have the defendants continuously abuse me and repeatedly violate
 7   my Human Rights while trying to distract, discourage, and
 8   prevent me from seeking to be released from this unlawful
 9   imprisonment and compensating for the damages sustained as a
10   result of their wrongful actions throughout this unlawful
11   imprisonment for well over eight and a half years.
12          Those -- those -- that all right there, everything I
13   just read into the record is all the issues that are involved in
14   this case and that's why, of course, I didn't go through with
15   Assistant Attorney General Erik Pinsonnault's deposition.
16   There's so many issues involved in this case, it don't -- it
17   doesn't make no sense.  There's no way that, of course, we can
18   go further until, of course, all these issues are addressed.
19          THE COURT:  Okay.  All right.  So let me respond, Mr.
20   Vance, to your statements.
21          You have identified a number of issues and say they
22   need to be resolved in this case, but, in fact, most, if not all
23   of them, have been resolved.  Specifically on January 3, 2020,
24   at Docket No. 117, Judge Sannes issued an order and decision
25   addressing various motions that you made to change venue, for

1   recusal, to supplement the complaint, for appointment of pro

2   bono counsel, and she denied all those applications.

3            MR. VANCE:  Exactly.  She illegally denied those and

4   that's why court is defendants.

5            THE COURT:  Okay.  All right.  It's my turn to talk.

6   You talked for about 15 minutes.  When I want to hear from you

7   again I will let you know.  Right now, I'm speaking.

8            MR. VANCE:  May I ask who I'm speaking to?

9            THE COURT:  Yeah, this is Judge Baxter.

10           MR. VANCE:  Okay.  So you're -- of course, you're a

11   part of the court.

12           THE COURT:  Yes, I am a part of the --

13           MR. VANCE:  And you're trying to act like a judge had

14   issued the order, but none of these issues have been addressed.

15   You're still trying to -- you're trying to basically hit me with

16   the same things that, of course, the Assistant Attorney General,

17   Erik Pinsonnault, is hitting with.  You know, someone has to

18   provide for the enforcement of law.  I have rights.

19           THE COURT:  Okay.  Mr. Vance --

20           MR. VANCE:  So I --

21           THE COURT:  Mr. Vance -- Mr. Vance, you've had your

22   opportunity to speak.  It is my turn to speak now, so I want you

23   to listen to me and then you can do whatever you want to do, but

24   you are a plaintiff who initiated this lawsuit, you do not get

25   to set the rules by which the case is litigated.  There are

1   rules set by the rules of procedure, by the rules relating to

2   discovery, by the law related to dispositive motions that have

3   been addressed, and if you don't like the outcome, that doesn't

4   mean you get to change how the rules are applied.  You don't get

5   to decide -- you don't get to decide who your judge is --

6           MR. VANCE:  You don't --

7           THE COURT:  -- or what district you're going to be

8   in.

9           MR. VANCE:  So --

10          THE COURT:  And so if you want your case to go

11  forward, you're going to have to follow the rules.  And if you

12  don't like the outcome --

13          MR. VANCE:  So I --

14          THE COURT:  Don't interrupt me.  If you don't like

15  the outcome of the decisions in this case, you will have the

16  opportunity to appeal to yet another group of judges, the Second

17  Circuit Court of Appeals, and if there is an error or a mistake

18  by the judges at this level in the Northern District of New

19  York, then they'll rule that way.  But in the meantime, you are

20  bound by the decisions that have been made by the judges in this

21  case and if you want to --

22          MR. VANCE:  But you're not even a judge on the case.

23  I never even asked for -- I never asked for you to be -- I asked

24  for a United States District Court judge.  You're not a United

25  States District Court judge --

1          THE COURT:  Yes.

2          MR. VANCE:  -- you're a magistrate.

3          THE COURT:  That's correct.

4          MR. VANCE:  Yeah, you're not even a judge.  You're

5    not even an assigned judge.

6          THE COURT:  I am the judge that is assigned to handle

7    preliminary proceedings in this case and that is what I am

8    doing.  And if you don't -- listen, if you don't like the rules

9    that are set here, then --

10          MR. VANCE:  You're not following the rules.  You're

11    trying to -- you're trying to just hit me with anything.  And

12    the rules say right here -- number three, this is the law.

13    Requests for assigned counsel may be made pursuant to 28 U.S.C.

14    Section 1915(e)(1).  The Court will make every effort to appoint

15    counsel in civil rights cases filed by inmates, but generally

16    only after the plaintiff's allegations have demonstrated some

17    degree of merit to the Court, some need for such representation,

18    which I just, of course, demonstrated, and that you have already

19    made some unsuccessful efforts to locate an attorney, which, of

20    course, I showed you that, of course, I have made all types of

21    unsuccessful efforts to locate an attorney.  So if you're -- if

22    you're talking -- acting like you're going by the law, then why

23    don't I have an attorney?

24          THE COURT:  Because the --

25          MR. VANCE:  Because, of course, you --

1          THE COURT:  Mr. Vance -- Mr. Vance --

2          (Whereupon, the court reporter interrupted due to

3  unintelligible cross talk.)

4          THE COURT:  Mr. Vance --

5          MR. VANCE:  You're involved in this case and have a

6  lack of impartiality.  This court is a defendant.  You can't

7  keep this case in your court.  It must be transferred to another

8  court.  And, of course, all judges in this court cannot handle

9  this case.  You're still trying to handle this case when, of

10  course, the court is labelled as a defendant.  There's a

11  conflict of interest.  Judge Mae A. D'Agostino is labelled as a

12  defendant.

13          THE COURT:  All right.  Mr. Vance --

14          MR. VANCE:  She's a defendant --

15          THE COURT:  Mr. Vance --

16          MR. VANCE:  -- and the court is labelled as a

17  defendant.  So, of course, this case -- this case cannot proceed

18  in your court.  You must transfer the case to another court.

19  There's nothing you can do.  It's out of your hands.  You're a

20  defendant.  The court has been labelled as a defendant.  I

21  supplemented the complaint.  As you just said, you're bound by

22  the law.  It says right here.  It says, on a supplemental

23  complaint -- you may file a supplemental complaint only if you

24  request permission of the Court, which I did, by motion with

25  notice to the opposing parties.  Of course, I supplemented the

 1   complaint in the filing process, so, of course, the United

 2   States Marshals didn't serve the defendants yet.  So, of course,

 3   you know, I didn't, of course, serve all notice to the opposing

 4   parties, so, of course, you know -- which, of course, you

 5   know -- because, of course, it was in the filing process when,

 6   of course, I supplemented the complaint.

 7            It says, a supplemental complaint must only address

 8   events which have occurred since the time the original complaint

 9   was filed.  And, of course -- which, of course, I demonstrated

10   and which are in some way related to the original allegations.

11   Refer to Rule 15(d).  And you're saying that you're going by the

12   law, so, of course, I can supplement the complaints.  And the

13   court is labelled as defendants, so, of course, right here --

14   and it says, all -- it says -- right here, it says, the court is

15   required by law to permit me to serve supplemental pleadings

16   setting out the transactions, occurrences, or events that

17   happened after the date of filing of the original complaint part

18   one.  The supplemental pleadings alleges all facts connected to

19   the original pleadings to obtain relief along the same lines,

20   pertaining to the same cause, and based on the same subject

21   matter or claims for relief as set out in the supplemental

22   complaint part one, two, and three.

23            So you're sitting up there acting like you're going

24   by the law, but you're not.  So what is you -- like, you're not

25   saying nothing.  You're acting like you're following the rules

```
 1  and regulations when you're not.  It says it right here.  I'm
 2  reading it right here.  Refer to Rule 15(d) of the Federal Rules
 3  of Civil Procedure.  So, like, where is you -- where you is --
 4  like, where is you getting it from?  I don't understand.  Like,
 5  nothing can go further in this court.
 6              THE COURT:  All right.  Mr. Vance --
 7              MR. VANCE:  The court is a defendant.
 8              THE COURT:  Mr. Vance, stop talking, please.  You
 9  have raised a lot of issues.  They have been addressed by the
10  Court.  If you don't --
11              MR. VANCE:  They have not been addressed.
12              THE COURT:  If you don't -- don't interrupt me again.
13  If you do, I'm going to hang up the phone and I'm going to
14  authorize the Assistant Attorney General to file a motion to
15  dismiss this case.  You're not allowed to just speechify and
16  think you can get your way by not letting me speak, so I'm going
17  to say something now and I want you to say quiet.
18              Most of these issues have been addressed by the
19  Court.  If you disagree with the outcome, that's fine.  At the
20  end of the case, you can appeal those decisions, but --
21              MR. VANCE:  But I've raised these issues with the
22  court.
23              THE COURT:  -- this case -- Mr. Vance, this case is
24  going to move forward and the next step that's going to happen
25  is that you are going to submit to a deposition.
```

 1              And if you do not submit to a deposition, I'm going

 2    to authorize defense counsel to move your -- move to dismiss

 3    your --

 4              MR. VANCE:  How is you going to --

 5              THE COURT:  -- case for failure to prosecute, do you

 6    understand that?

 7              I'm going to extend the schedule.  I'm going to --

 8    I'm going to authorize your deposition to go forward.  I am

 9    going to order you to conduct that -- to participate in that

10    deposition.

11              MR. VANCE:  See, I'm not participating --

12              THE COURT:  If you do not --

13              MR. VANCE:  I'm not going to participate.  I don't

14    have to participate.

15              THE COURT:  All right.  Well, then --

16              MR. VANCE:  I don't have to participate in no

17    deposition.

18              THE COURT:  -- if you want your case --

19              MR. VANCE:  You can't make do something that, of

20    course, I know I don't have to do.  You're not addressing none

21    of the issues of the case.  You're trying to go forward with the

22    case by not, of course, doing what you're supposed to do.  You

23    have legal obligations.  You're -- I never even raised any of

24    these issues until I -- I never even had an opportunity to speak

25    to you until now.  I never even talked to Mrs. Brenda K. Sannes

 1   yet, you know, and she's the assigned judge, and she's not even

 2   handling this issue now.  You're handling --

 3            THE COURT:  She's decided the issues in a written

 4   decision based on the papers, including those that you have

 5   submitted, so don't say --

 6            MR. VANCE:  You said I -- I didn't get no opportunity

 7   to --

 8            THE COURT:  No, stop.

 9            MR. VANCE:  -- look through this order that you're

10   saying that, of course, Mrs. Brenda K. Sannes supposed to have

11   ordered on the issues and, of course, that -- you're saying she

12   addressed these issues?

13            THE COURT:  Yes.

14            MR. VANCE:  Because this is what you're telling me --

15            THE COURT:  Yes.

16            MR. VANCE:  -- you're saying that she addressed these

17   issues.  I have the order that you're acting like she addressed

18   these issues in and, of course -- may I look through it?

19            THE COURT:  Docket No. 117, decided on 1/3/2020,

20   decision and order denying your motion to change venue, for

21   recusal, to supplement the complaint, and for appointment of pro

22   bono counsel.  And as I say, if you don't like that outcome, at

23   the end of this case, you can appeal it.

24            But right now, this is what you need to understand:

25   The case is going to move forward.  It has been -- so far been

1    decided based on the rules.  There has been -- there have been

2    scheduling orders entered even though you pretend there hasn't.

3    There has been --

4              MR. VANCE:  Then where is the scheduling orders?

5    There's no --

6              THE COURT:  -- mandatory --

7              MR. VANCE:  We haven't even had a scheduling

8    conference.  You know, every conference that you've had you was

9    acting like it's a conference for depositions.  We never had a

10   scheduling conference.  You're lying now.

11             THE COURT:  Mr. Vance, there was a mandatory pretrial

12   discovery order issued on February 13, 2020, the deadlines have

13   been extended twice --

14             MR. VANCE:  And I can't do a deposition --

15             THE COURT:  -- as a result of --

16             MR. VANCE:  -- because of my medical conditions and

17   if you don't want to respect that, I don't know what else to

18   tell you.  I can't do --

19             THE COURT:  Mr. Vance -- Mr. Vance --

20             MR. VANCE:  I have all these -- I have all these

21   medical conditions because of the things that y'all decided to

22   do to me --

23             THE COURT:  All right.  Mr. Vance --

24             MR. VANCE:  -- so if you, you know --

25             THE COURT:  Mr. Vance -- Mr. Vance, stop talking.  I

1    don't know how you can say you have medical issues that preclude

2    you from being questioned under oath when you have managed to

3    sit there and talk for 45 minutes straight about this case.

4          MR. VANCE:  I'm talking about the things that people

5    have done to me.  I can't -- it caused -- I'm going to tell you

6    my medical conditions right now.

7          THE COURT:  No --

8          MR. VANCE:  I never even got --

9          THE COURT:  -- I'm not interested in hearing about

10   your medical conditions.  You have demonstrated by your

11   participation in this conference that you're more than capable

12   of a deposition.

13         MR. VANCE:  I'm not doing no deposition.  I don't

14   care what you say.  My health is more important than anything.

15   If you want to go through with the deposition, I'm going to

16   speak and say exactly what I just said over this phone.  And if

17   you don't like that, then, of course, do whatever you said

18   you're going to do because, of course, you know, like I said, I

19   have medical conditions.  You don't want to hear what medical

20   conditions I have, so, of course, then you don't have to hear

21   them.  But, of course, like I said, I am not healthy.

22         THE COURT:  You're --

23         MR. VANCE:  I am not healthy.  What else do you want?

24         THE COURT:  You are not being asked to run a

25   marathon, you're being asked to discuss this case and be

1  questioned about this case under oath.  You've talked about this

2  case for 45 minutes today, so I do not believe that --

3              MR. VANCE:  I didn't talk about the case, I gave

4  information that --

5              THE COURT:  -- you're precluded from --

6              MR. VANCE:  We're not -- we're not -- as far as the

7  issues that have been raised in my complaint, that is totally --

8  that's totally different.  Those are my -- my civil claims.

9  That's as far as -- you know, that's something totally different

10 from this right here.  This is what y'all been doing throughout

11 the filing process.  This is what, you know -- of course, as far

12 as y'all not following procedures in the court.  This is what

13 we're discussing.  This is totally different --

14             THE COURT:  It's not --

15             MR. VANCE:  -- than what's going on inside of the

16 complaint.  This is totally different.

17             THE COURT:  All right.

18             MR. VANCE:  This is -- this is not even the same

19 material that's, of course, been submitted to the court.  That's

20 why I said let me look through her -- her motion because, of

21 course, you're acting like she addressed these issues and she

22 never addressed them.

23             THE COURT:  Okay.  Mr. Vance, here's the bottom line:

24 I'm going to -- you've refused to submit to a deposition.  You

25 are obligated to do so, I directed you to do so, and you say you

 1  are not going to go forward with the deposition, and --

 2          MR. VANCE:  Because of my medical condition.

 3          THE COURT:  -- that's fine.

 4          MR. VANCE:  I have medical --

 5          THE COURT:  I'm going to -- I'm going to authorize

 6  the -- I am going to authorize the Assistant Attorney General to

 7  move to dismiss your case for failure to prosecute and --

 8          MR. VANCE:  You can't do that.

 9          THE COURT:  I just did it.

10          MR. VANCE:  You can't --

11          THE COURT:  I just did it.

12          MR. VANCE:  You can't make the Assistant Attorney

13  General -- tell him that you're going to have him dismiss the

14  case because the court is a defendant.  You can't do that.

15          THE COURT:  He's going to move to dismiss the case,

16  you can respond to it, it will be decided, and you can appeal if

17  you don't like the outcome.

18          MR. VANCE:  Whatever.  Whatever.  Whatever.  Do

19  whatever you're going to do.  Have him do whatever you're going

20  to do.  It's out of my hands.  This is something y'all planned

21  on doing.  Like I said, I have legitimate grounds by, of

22  course -- you know, of course, I'm not going to, of course, you

23  know, do a deposition.  And, of course, you can't make me do a

24  deposition.  You don't want to do what you're supposed to do,

25  so, of course, it's out of my hands.  Like I said, I did

 1   everything I was supposed to do and, of course, y'all are

 2   defendants and, of course, you just don't want to do what you've

 3   got to do because, of course, I learned the things I was

 4   supposed to learn and, of course, I did the things I was

 5   supposed to do in this situation, so, of course, whatever.

 6          You can tell the Attorney General to do whatever he's

 7   going to do and then I guess this is just how this case is going

 8   to go because it's out of my hands.  But, of course, you know, I

 9   did everything in my power to get out of this life situation,

10   so, of course, I can't do anything other than what I have done.

11   And, of course, you know, this has been a long drawn out

12   process, you know, because, of course, y'all have y'all claims,

13   but, of course, I set my fate.  But, of course, at the end of

14   the day, whatever.  Whatever you're going to do -- do what

15   you're going to do because, of course, you know, you haven't

16   addressed any issues in this case.

17          You're just trying to, of course, drag me along and

18   have me play y'all little game, you know, some more when, of

19   course, you know, you know what you're supposed to do in a

20   situation like this.  I'm supposed to have a lawyer.  I'm

21   supposed to have a lawyer.  And when somebody's telling you

22   that, of course, they have all these medical problems and, of

23   course, trying to explain to you what is wrong with them and you

24   say I don't want to hear that, I don't want to hear that, you've

25   just got to do a deposition, you've just got to do a deposition,

 1    that, of course, shows everyone that, of course, you know, you

 2    just want what you want and you're not going by the law.

 3             THE COURT:  I want you to follow the rules of court

 4    and the law in prosecuting your case.  You refuse to do so and,

 5    therefore, I'm going to authorize --

 6             MR. VANCE:  I'm not --

 7             THE COURT:  -- the Attorney General to file a motion

 8    to dismiss.

 9             MR. VANCE:  I'm sitting here addressing -- I'm

10    sitting here talking to you about the issues of the case and

11    you're talking about somebody addressing them and then, of

12    course, I'm trying to go to the motion to show you that she

13    didn't address them and then you start reading something into

14    the record that don't -- that don't even matter.  It's not

15    saying anything about her addressing the issues of the case, you

16    just start reading the docket.  You just start reading the

17    docket number and all this -- all this other stuff that don't

18    even -- that don't even -- that's irrelevant.  You acting like

19    you just read her decision or something.  You didn't do anything

20    you were supposed to do.  You're acting like you just -- like

21    you just read her decision on the record or something because,

22    of course, you know, you just made a statement that she

23    addressed these issues when she didn't.

24             This is why the court is a defendant.  This is why

25    the case is supposed to be transferred to another court.  This

1  is why the Assistant Attorney General is supposed to enforce the

2  law so that, of course, this case may go further, so that, of

3  course, this -- this legal action would be evenhanded.  You're

4  trying to make me do things, of course, that, of course, no man

5  should do in a civil suit like this and that's, of course, give

6  their testimony, of course, without being all prepared by his

7  attorney.  I'm not even prepared.  I don't have no -- I can't

8  access -- I can't go to the law library.  I can't access the

9  legal material to, of course, prepare myself for depositions or

10 nothing.  Then on top of that, I'm not even receiving the

11 medical treatment that I'm supposed to receive, so that, of

12 course, I can't be healthy enough to, of course, give my

13 testimony during a deposition.

14         So what else do you want me to do?

15         THE COURT:  I want you to stop talking because I'm

16 going to --

17         MR. VANCE:  There's nothing else I can do.  I

18 can't -- I can't -- I can't go to the law library to prepare

19 myself for depositions.  I can't get the legal material from the

20 law library to, of course, prepare myself for a deposition.  So

21 all I asked you to do was give me a lawyer so that, of course,

22 my lawyer can help prepare me for a deposition and you don't

23 even want to do that.

24         And then, of course, you know, like I said, I have

25 all these medical conditions.  You don't even want to give me a

1   mental or physical examination.  You don't even want to provide

2   me a physical --

3           THE COURT:  Mr. Vance --

4           MR. VANCE:  -- or mental examination before you even

5   go through with the deposition.  So what am I supposed to do if

6   you're not doing anything you're supposed to do and then you're

7   acting like you're following the law?  You're not following the

8   law.  You're not doing anything you're supposed to do on my

9   behalf.  Here's an inmate who, of course, has been continuously

10  abused and his human rights has been continuously violated by

11  the defendants and you're just sitting there acting like, oh,

12  well.  Like, oh, well.  And, you know, all the things these

13  people have done to me and you're just sitting here, oh, well.

14  Oh, well.

15          THE COURT:  All right.  Mr. Vance -- Mr. Vance --

16          MR. VANCE:  This is --

17          THE COURT:  Mr. Vance -- Mr. Vance -- Mr. Vance, I'm

18  going to terminate -- I am going to terminate this call.  You

19  have had a fulsome opportunity to --

20          MR. VANCE:  Of course you are.

21          THE COURT:  -- make your points --

22          MR. VANCE:  Of course you are.

23          THE COURT:  -- and you have made them on the record.

24          MR. VANCE:  Of course you will.  You've been wanting

25  to do what y'all wanting to do, so do what you're going to do.

1    Terminate the call and --

2              THE COURT:  I terminate the call.

3              (Time noted:  2:34 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2                    CERTIFICATE OF OFFICIAL REPORTER
 3
 4
 5             I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 6    NYRCR, Official U.S. Court Reporter, in and for the United
 7    States District Court for the Northern District of New York, DO
 8    HEREBY CERTIFY that pursuant to Section 753, Title 28, United
 9    States Code, that the foregoing is a true and correct transcript
10    of the stenographically reported proceedings held in the
11    above-entitled matter and that the transcript page format is in
12    conformance with the regulations of the Judicial Conference of
13    the United States.
14
15             Dated this 17th day of December, 2020.
16
17             s/ Hannah F. Cavanaugh_____
18             HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
19             Official U.S. Court Reporter
20
21
22
23
24
25
```