UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE PHILLIP VANCE,

                          Plaintiff,                9:18-cv-0748 (BKS/ATB)

v.

DONALD VENETTOZZI, *et al.*,

                          Defendants.

**Appearances:**

*Plaintiff, pro se:*
Wayne Phillip Vance
12-B-3682
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

*For Defendants:*
Letitia James
Attorney General of the State of New York
Erik Boule Pinsonnault
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Wayne Phillip Vance, a New York State inmate, commenced this action asserting claims under 42 U.S.C. § 1983 arising out of his incarceration. (Dkt. No. 1). On August 24, 2020, Defendants filed a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) on behalf of Defendants G. Waterson and D. Venettozzi. (Dkt. No. 127). Plaintiff did not file a response; on October 15, 2020, he notified the Court that he did not intend to respond to the motion. (Dkt. No. 132). This matter was assigned to United States Magistrate Judge Andrew T. Baxter who, on

November 30, 2020, issued a Report-Recommendation recommending that Defendants' motion to dismiss be denied. (Dkt. No. 137).[1] Magistrate Judge Baxter advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 12).

No objections have been filed. As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes to 1983 amendment). Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 137) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the surviving claim against Nurse Waterson is clarified as arising from allegations of deliberate medical indifference challenging his conduct immediately following an alleged assault at Upstate Correctional Facility on August 26, 2016; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 127) is **DENIED**; and it is further

---

[1] In light of what appears to be a typographical error in the complaint, Magistrate Judge Baxter recommended that the surviving claim against Nurse Waterson be clarified as arising from allegations of deliberate medical indifference challenging Nurse Waterson's conduct immediately following an alleged assault at Upstate Correctional Facility on August 26, 2016. (Dkt. No. 137, at 9).

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 18, 2020
 Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

3