**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WAYNE PHILLIP VANCE,

                        Plaintiff,                    9:18-cv-748 (BKS/ATB)

v.

DONALD VENETTOZZI, et al,

                        Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Wayne Phillip Vance
12-B-3682
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

*For Defendants:*
Letitia James
Attorney General for the State of New York
Jonathan S. Reiner
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff pro se Wayne Phillip Vance brought this action under 42 U.S.C. § 1983 against

the New York State Department of Corrections and Community Supervision and several of its

employees. (Dkt. No. 1). On May 14, 2021, Defendants filed a motion for summary judgment

under Fed. R. Civ. P. 56, seeking dismissal of the complaint in its entirety. (Dkt. No. 161). The

motion was fully briefed, with a response by Plaintiff in opposition, and a reply. (Dkt. Nos. 169,

173). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on

August 12, 2021, issued a Report-Recommendation recommending that Defendants' motion for

summary judgment be granted in part, as to Defendants Bullis, Venettozzi and Waterson, and

that the motion be otherwise denied. (Dkt. No. 178). Magistrate Judge Baxter advised the parties

that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections

to the Report, and that the failure to object to the Report within fourteen days would preclude

appellate review. (Dkt. No. 178, at 22-23).

Defendants have filed an objection to the Report-Recommendation, objecting to the

recommendation that summary judgment be denied as to Defendants Barcomb and Reif. (Dkt.

No. 181). Plaintiff has not filed an objection to the Report or responded to Defendants' objection.

The Court has reviewed Defendants' objection *de novo* and, for the reasons set forth below,

adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.

Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [report-recommendation] that the

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.

Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Findings and recommendations as to which there was no properly preserved objection are

reviewed for clear error. *Petersen*, 2 F. Supp 3d at 229. To the extent a party makes "merely

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the

same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## III. DISCUSSION

As relevant here, Plaintiff asserts that six corrections officers used excessive force against him on May 11, 2016, when he was an inmate at the Clinton Correctional Facility. Defendants have objected to Magistrate Judge Baxter's recommendation that summary judgment be denied as to two of the officers -- Defendants Barcomb and Reif. (Dkt. No. 181).

In the Report-Recommendation, Magistrate Judge Baxter considered, and rejected, Defendants' argument that Barcomb and Reif should be dismissed because neither Defendant was present or involved in the alleged use of excessive force on May 11. (Dkt. No. 178, at 15-17). Magistrate Judge Baxter noted that Defendants Barcomb and Reif both submitted declarations disclaiming any involvement. (*Id.* at 15). Officer Reif stated that he arrived at the location after Plaintiff had been secured and was walking away; Reif stated that he did not use any force on Plaintiff. (Dkt. No. 161-4, ¶¶ 5-7). Officer Barcomb stated that he was "not present" for the use of force and that he did not use any force on Plaintiff. (Dkt. No. 161-3, ¶¶ 5-6). Magistrate Judge Baxter considered the other record evidence, including: Plaintiff's verified complaint, alleging that Defendants Barcomb and Rief participated in the use of force and "controlled the inmates gates inside the officers' cage"; and Plaintiff's deposition testimony that Barcomb and Rief[1] struck him with several closed-fist punches to the head. (Dkt. No. 178, at 15; *see* Dkt. No 1, at 12; Dkt. No. 161-9, at 47, 67). Magistrate Judge Baxter noted that other evidence favored these defendants – including the "Unusual Incident Report," which did not

---

[1] The transcript of Plaintiff's deposition testimony refers to these defendants as "Reeve" and "Barca" (Dkt. No. 161-9, at 46-47, 67).

include Barcomb or Rief as having been involved in the incident. (Dkt. No. 178, at 16).

However, "[e]ven though plaintiff's success establishing the involvement of either defendant

Reif or Barcomb may be slight," Magistrate Judge Baxter noted that he "hesitates to make this

credibility finding on summary judgment," and recommended that the motion for summary

judgment be denied as to Barcomb and Reif. (*Id.*).

Defendants object to this recommendation; Defendants argue that this Court should deem

admitted facts in their statement of material facts regarding Defendants Barcomb and Reif

because Plaintiff's response to the statement of material facts failed to support its assertions with

cites to the record, as required by Fed. R. Civ. P. 56(c)(1)(A) and N.D.N.Y. Local Rule 56.1(b).

Specifically, Defendants ask that the Court deem it admitted that neither Defendant Barcomb nor

Defendant Reif was present for the use of force on May 11, 2016, and grant summary judgment

as to these two Defendants.

In their statement of material facts Defendants assert that neither Barcomb nor Reif was

present for the May 11 incident. (Dkt. No. 161-2, ¶¶ 12-13). Defendants supported these

assertions with citations to affidavits filed by Barcomb and Reif. (*Id.*; Dkt. No. 161-3, ¶¶ 5-6;

Dkt. No. 161-4, ¶¶ 5-7). Plaintiff filed a response to Defendants' statement of material facts with

appropriately-numbered paragraphs but, as Magistrate Judge Baxter noted, Plaintiff's responses

were "a confusing mix of 'admissions that [were] not really responsive to the defendants'

statement of material fact." (Dkt. No. 178, at 12 n.10; Dkt. No. 169-2). With respect to

Defendants Barcomb and Reif, Plaintiff said: "I admit that [each Defendant] "was involved in

the use of force incident and that he was observed on the 3rd deck of 9 and 10 company in the

upper block at Clinton C.F. on May 11, 2016."[2] (Dkt. No. 169-2, ¶¶ 12-13). Plaintiff did not

provide any citation to the record supporting his assertion that Defendant Barcomb and Reif were

involved in the use of force. (*Id.*).

Fed. R. Civ. P. 56(c)(1)(A) requires that a "party asserting that a fact . . . is genuinely

disputed must support the assertion by: (A) citing to particular parts of materials in the record . . ;

or (B) showing that the materials cited do not establish the absence or presence of a genuine

dispute." Under Fed R. Civ. P. 56(e) if a party "fails to properly address another party's assertion

of fact as required by Rule 56(c), the court may," inter alia, "consider the fact undisputed for

purposes of the motion" or "grant summary judgment if the motion and supporting materials—

including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ.

P. 56(e)(2), (3). Similarly, N.D.N.Y. Local Rule 56.1(b) requires that that each denial in a

response to a statement of material facts "set forth a specific citation to the record where the

factual issue arises," and  provides that "[t]he Court may deem admitted any properly supported

facts set forth in the Statement of Material Facts that the opposing party does not specifically

controvert."

A court has discretion to deem facts admitted or grant summary judgment in accord with

Fed. R. Civ. P. 56(e)(2), (3), and the court's local rules, but is not required to do so. *T.Y. v. New

York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to

respond to a Rule 56.1 statement *permits* the court to conclude that the facts asserted in the

statement are uncontested and admissible.") (emphasis added); *Holtz v. Rockefeller & Co., Inc.,*

258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to

---

[2] In his complaint Plaintiff alleged that Barcomb and Reif "controlled the gates inside the officers' cage" while the four other officers allegedly involved in the excessive force incident "stood on the third deck of 9 and 10 company." (Dkt. No. 1, at 12).

overlook a party's failure to comply with local court rules."). The Court "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file" a Local Rule 56.1 statement. *Id.*; *see also* Advisory Committee Notes to 2010 Amendment to Fed. R. Civ. P. 56 (noting that when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," "the court may choose not to consider the fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute," and that "the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant"); Fed. R. Civ. P. 56(c)(3) (noting that the court "may consider other materials in the record," beyond the cited materials).

Here, while the Plaintiff's response to the Defendants' statement of material facts is confusingly drafted, stating that Plaintiff "admit[s]" that Barcomb and Rief were "involved in the use of force," the Court construes this as a denial that was not properly supported with a citation to the record. However, given Plaintiff's pro se status and the record evidence supporting his denials, the Court agrees with Magistrate Judge Baxter that summary judgment should be denied as to Defendants Barcomb and Rief because there are material issues of disputed fact. *See Royal v. Wilke*, No. 17-cv-1251, 2021 WL 1062572, at *2, 2021 U.S. Dist LEXIS 1062572, at *4 (N.D.N.Y. Mar. 19, 2021) (declining to deem admitted facts when plaintiff failed to provide citations to the record related to his denials, as required by N.D.N.Y. Local Rule 56.1(b); instead, "out of special solicitude to Plaintiff due to his *pro se* status and the clear indication that he has made efforts to comply with the requirements," the court considered whether the plaintiff's denials were supported by record evidence).

Defendants do not object to any other portion of the Report-Recommendation. (Dkt. No. 181, at 1). The Court has reviewed the remainder of the Report-Recommendation for clear error and found none.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 178) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 161) is **GRANTED** as to Defendants Bullis, Venettozzi, and Waterson, and the complaint is **DISMISSED** in its entirety as to these Defendants; and it is further

**ORDERED** that Defendants' motion for summary judgment is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  September 13, 2021
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge